IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Jesse Graves Yates, III, | C/A No. 4:17-cv-01387-AMQ-KDW |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| BB&T Corp., | |
| Defendant. | |

This matter is before the Court for review of the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West recommending that this Court grant the Motion to Dismiss filed by Defendant Branch Banking and Trust Company ("BB&T" or "Defendant"). (ECF No. 40.) For the reasons set forth below, the Court adopts the Report and grants Defendant's Motion to Dismiss.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Jesse Graves Yates, III ("Plaintiff"), proceeding pro se, filed this action against Defendant on May 26, 2017. (ECF No. 1.) This matter was referred to Magistrate Judge West for consideration of pretrial matters. Thereafter, Defendant moved for dismissal for failure to state a claim. (ECF No. 16.) In accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Magistrate Judge advised Plaintiff of the dismissal procedures and the consequences of failing to respond adequately to Defendant's motion. (ECF No. 19.) Plaintiff filed his response to Defendant's Motion to Dismiss (titled "compliance to Roseboro Order") on August 3, 2017. (ECF No. 21.) Defendant then filed a Motion for Extension of Time in which Defendant requested time to file an additional Motion to Dismiss in response to Plaintiff's "Compliance"

filing. (ECF No. 23.) Defendant made this request due to the fact that Plaintiff's "Compliance" filing contained additional allegations in the nature of a complaint. *Id.* Upon review of Plaintiff's "Compliance" filing (ECF No. 21), the Magistrate Judge construed the filing as a supplement to Plaintiff's Complaint, denied Defendant's Motion to Dismiss or for More Definite Statement (ECF No. 16) as moot and gave Defendant additional time to file any motion in response to the supplement to Plaintiff's Complaint. (ECF No. 25.) The Magistrate Judge also ordered that Plaintiff's "Compliance" filing (ECF No. 21) be construed as a "Supplemental Complaint" and that it be docketed as an attachment to Plaintiff's original Complaint. (ECF No. 25.) As such, the Supplemental Complaint became the operative pleading and is now docketed as (ECF No. 1-1).

On August 31, 2017, Defendant filed the Motion to Dismiss that is now under consideration. (ECF No. 29.) Plaintiff filed a response to the Motion to Dismiss (titled "Answer to BBT attempt for motion to dismiss"). (ECF No. 32). Defendant then filed a reply. (ECF No. 33.) Several days later, Plaintiff filed an additional response to Defendant's Motion to Dismiss (titled "Continued response to BBT attempts for motion to dismiss"). (ECF no. 35.) Magistrate Judge West issued her Report on March 30, 2018, in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2). (ECF No. 40.) Plaintiff filed his objections on April 16, 2018 (titled "Continued response as required by magistrate judge"). (ECF No. 43.) Thereafter, Defendant filed a reply to Plaintiff's objections. (ECF No. 45.)

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The recommendation has no presumptive weight, and the responsibility for making a final determination regarding a case remains with this Court. *Id.* The

Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may file written objections to a Magistrate Judge's Report within fourteen days after being served a copy of the Report. 28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(2) ("[A] party may file specific written objections to the proposed findings and recommendations."). This Court must "make a de novo determination *of those portions* of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 18 U.S.C. § 636(b)(1) (emphasis added). However, absent a timely, specific objection—or as to those portions of the Report to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

*Pro se* filings are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and federal district courts must construe such pleadings liberally to allow for the development of potentially meritorious claims, *see Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980) (per curiam). The liberal construction requirement, however, does not mean courts can ignore a clear failure to allege facts that set forth claims cognizable in federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). Here, Plaintiff's objection to the Report (titled "Continued response as required by magistrate judge") makes no attempt to address the issues

raised by Defendant in its Motion to Dismiss or the Report. (ECF No. 43.) In fact, Plaintiff does not state that he objects to any specific portions of the Report at all. *Id*. Rather, his "Continued response as required by magistrate judge" merely rehashes his general arguments and does not direct the Court's attention to a specific area of concern in the Report. *Id*. At best, Plaintiff's filing can be construed as a general objection to Magistrate Judge's recommendation that his case should be dismissed. *Id*. Therefore, in the absence of a specific objection to the Report, the Court need only "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal citations omitted).

In conducting its review for clear error, the Court has reviewed all of the filings by the parties in addition to the Magistrate Judge's Report. The Court notes that Plaintiff appended additional factual material to his objections including emails, deeds of trust, notices of foreclosure and a "Claim Committee Report – First Party" from State Farm Insurance. (ECF 43.) It is well-established that parties cannot amend their complaints through briefing or oral advocacy by raising new facts that constitute matters beyond the pleadings for the purposes of defeating a motion to dismiss. *See, e.g., S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013). Therefore, these additional materials are not appropriate for consideration. However, in order to be appropriately lenient to a pro se litigant, the Court reviewed the materials submitted with Plaintiff's objections. Plaintiff fails to explain how these documents bolster his claims. After reviewing the documents, the Court finds that they do not support Plaintiff's objections.

As set forth above, the Court is only required to conduct a review for clear error on the face of the record due to Plaintiff's failure to make a specific objection to the Report. After

thorough review of the record, the applicable law and the Report, the Court finds no clear error on the face of the record. However, out of an abundance of caution and in order to be appropriately lenient to a pro se litigant, the Court conducted a de novo review of the Report in light of Plaintiff's general objection to dismissal of his claims.

A plaintiff's complaint should set forth "a short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556)). Although a court must accept all facts alleged in the complaint as true, this is inapplicable to legal conclusions, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).

Here, Plaintiff's Supplemental Complaint fails to plead factual content that allows the Court to draw the reasonable inference that Defendant is liable for the misconduct alleged. Even liberally construed, Plaintiff's Supplemental Complaint fails to state a claim for negligence, intentional infliction of emotional distress, fraud or a violation of the Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA"). Accordingly, the Court adopts the recommendation of the Magistrate Judge and incorporates the Report herein by specific

reference.  For the reasons articulated by the Magistrate Judge, it is hereby ordered that the Supplemental Complaint (ECF No. 1-1) filed by Plaintiff be dismissed with prejudice.

## CONCLUSION

For the forgoing reasons, Plaintiff's objection to the Report is overruled and the Magistrate Judge's Report is adopted as the Order of this Court to the extent it is consistent with this Order.  Defendant's Motion to Dismiss (ECF No. 29) is hereby **GRANTED** and Plaintiff's Supplemental Complaint (ECF No. 1-1) is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

/s/ A. Marvin Quattlebaum, Jr.
A. Marvin Quattlebaum, Jr.
United States District Judge

July 23, 2018
Greenville, South Carolina